IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. ALLEMAN )
individually and on )
behalf of all others )
similarly situated, )
            Plaintiffs, )
 )
      v. ) Civil Action No. 06-524
 )
STATE FARM LIFE )
INSURANCE COMPANY, )
            Defendant. )

MEMORANDUM AND ORDER

Gary L. Lancaster,
District Judge.                                    August 1, 2006

            This is a putative class action alleging that defendant

sold life insurance policies to juvenile non-smokers for the

premium assigned to adult smokers.  Plaintiff, Mary L. Alleman,

purchased two life insurance policies, one for each of her sons.

Plaintiff contends that, despite the fact that she completed an

application for insurance and identified her sons as    non-

smokers, defendant, State Farm Life Insurance Company, charged

premiums based upon the premiums charged to adult smokers.

Plaintiff has filed suit on behalf of herself, and all others

similarly situated, alleging breach of contract (Count I), breach

of fiduciary duty (Count II), constructive fraud (Count III), and

unjust enrichment requiring the imposition of a constructive

trust (Count IV).  Defendant has filed a motion to dismiss the complaint.  Defendant argues that there is no distinction between the premium charged a smoker and the premium charged a non-smoker.  Defendant contends that the premium is determined with reference to the applicants sex and age at the time of the application.  Thus, defendant contends, plaintiff has failed to state a cause of action.  For the reasons set forth below, the motion will be granted as to Count II and denied as to Counts I, III and IV, without prejudice to defendant's right to raise these arguments on a fully developed record.

Defendant argues that Count I, for breach of contract, should be dismissed because the insurance contract has not been breached.   As to Count II, for breach of fiduciary duty, defendant contends that there is no fiduciary duty owed to an insured by the insurer except in limited circumstances. In support of its argument that Count III should be dismissed, defendant argues that plaintiff is attempting to transform a fraud claim into a breach of contract claim.  Plaintiff has also alleged unjust enrichment and seeks the imposition of a constructive trust in Count IV. Defendant argues that this cause of action is barred where, as here, there is a written contract. Plaintiff contends that she has alleged facts sufficient to state a cause of action for breach of contract and for breach of

2

fiduciary duty, either as an independent cause of action or as part of her breach of contract claim.  Plaintiff further argues that she has asserted valid claims for constructive fraud and unjust enrichment requiring the imposition of a constructive trust.  Plaintiff contends that, to the extent that these claims are unavailable in conjunction with claims based on a written contract, she is pleading in the alternative.

When the court considers a Rule 12(b)(6) motion to dismiss, the issue is not whether plaintiff will prevail in the end or whether recovery appears to be unlikely or even remote.  The issue is limited to whether, when viewed in the light most favorable to plaintiff, and with all well-pleaded factual allegations taken as true, the complaint states any valid claim for relief.  See ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994).  In this regard, the court will not dismiss a claim merely because plaintiff's factual allegations do not support the particular legal theory he advances.  Rather, the court is under a duty to examine independently the complaint to determine if the factual allegations set forth could provide relief under any viable legal theory.  5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 n.40 (2d ed. 1990).  See also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

3

It is according to this standard that the court has reviewed defendant's motion. Based on the pleadings of record, the arguments of counsel, and the briefs filed in support and opposition thereto, the court is not persuaded, at least as to Counts I, III and IV, "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46. Plaintiff has stated facts sufficient to maintain a claim for breach of contract in Count I. Further, plaintiff is permitted to plead causes of action in the alternative. Accordingly Count III and IV will not be dismissed at this point. The court is persuaded, however, that Count II, for breach of fiduciary duty, should be dismissed for the reasons set forth below.

In Count II, plaintiff claims that, "[a]s a result of [defendant's] contractual relationship and its obligations as an insurer, [defendant] owed plaintiff and the class a fiduciary duty..." Complaint ¶ 75. Defendant argues that, under Pennsylvania law, insurers do not owe a fiduciary duty to their insured, except under limited circumstances. Defendant also argues that plaintiff's claim is derivative of a breach of contract claim for failure to act in good faith, and not a separate cause of action. The court agrees.

4

In <u>Ross v. Metropolitan Life Ins. Co.</u>, 411 F.Supp.2d 571 (W.D. Pa. 2006), Metropolitan Life Insurance Company was alleged to have charged non-smoking juveniles the same premium as smoking adults for life insurance. The court denied defendant's motion to dismiss several of the counts but granted defendant's motion to dismiss plaintiff's claim for breach of fiduciary duty. The court noted that "[u]nder Pennsylvania law, the mere fact that an insurer and an insured enter into an insurance contract does not automatically create a fiduciary relationship." <u>Id</u>. at 583 (citations and internal quotations omitted). The court distinguished between claims for a breach of the duty of good faith and fair dealing and breach of fiduciary duty by failing to act in good faith. <u>Id</u>.

The court further observed that "Pennsylvania law does not establish a fiduciary duty based on the duty of good faith and fair dealing." <u>Id</u>. Rather, "[a] breach of fiduciary duty may give rise to a claim for breach of contract." <u>Id</u>. Thus, the court held, "[t]he fiduciary duty claim in this case is subsumed within the breach of contract claim because it is dependent upon a finding that MetLife had a contractual duty to apply a non-smoking rate classification to the policies." <u>Id</u>. at 583-84. Plaintiff's claim for breach of fiduciary duty in this case is also subsumed within her breach of contract claim. Therefore,

defendant's motion to dismiss Count II will be granted.

Accordingly, this 1st day of August, 2006, upon consideration of the defendant's motion to dismiss [doc. no. 10], IT IS HEREBY ORDERED that the motion is GRANTED as to count II and DENIED as to counts I and III and IV.  As directed by the court at the scheduling conference held on July 24, 2006, the parties are to submit a joint proposed scheduling order setting forth all dates through the class certification hearing within seven (7) days of the date of their receipt of this order.

BY THE COURT:

_____, J.

cc:   All Counsel of Record

6