IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY L. ALLEMAN, individually and on behalf of all others similarly situated,<br>      Plaintiff,<br><br>      v.<br><br>STATE FARM LIFE INSURANCE COMPANY,<br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-524<br>)<br>)<br>)<br>) |

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                            September 10, 2007

This is a putative class action alleging breach of life insurance contracts and related claims. Plaintiff, Mary Alleman, individually and on behalf of all others similarly situated, alleges that defendant, State Farm Life Insurance Company, breached contracts of insurance that insured the lives of her two minor children. Plaintiff contends that defendant breached the contracts by charging a premium rate that was based on an aggregate of mortality rates for both smokers and non-smokers, rather than a premium based solely on the mortality rate of non-smokers. Before the court is plaintiff's motion to certify the breach of contract claim as a class action.[1]

---

[1] Plaintiff claims that she is reserving her right to seek certification of her other claims, constructive fraud and unjust enrichment. This "reservation" is contrary to the court's scheduling order in this action and the local rules.
(continued...)

Defendant opposes the motion for class certification and filed a motion for summary judgment arguing, among other things, that plaintiff cannot establish a viable breach of contract claim.

Because the issue of whether plaintiff's claims are typical of the class and whether plaintiff is an adequate representative as required by Fed.R.Civ.P. 23 and defendant's summary judgment motion turn on whether plaintiff has a viable breach of contract claim we will address the two issues as one. For the reasons set forth below, plaintiff's motion for class certification is denied on the basis that she is neither a typical nor an adequate representative in that she does not have a viable breach of contract claim. Defendant's motion for summary judgment of the breach of contract claim is granted for the same reason.

I.    BACKGROUND

The facts material to the issue are neither complicated nor in dispute. On June 26, 2002, plaintiff's husband, now deceased, purchased two whole life insurance policies insuring the lives of their juvenile sons, Samuel and Nathan, who at the time were sixteen and ten years old, respectively. Plaintiff's husband

---

[1](...continued)
See Scheduling Order, Doc. No. 30 at paragraph 3 and L.R. 23.1. Accordingly, plaintiff has waived her right to seek certification of the constructive fraud and unjust enrichment claims.

filled out a standard application form which contained a number of questions including whether the child smoked or used tobacco products. Plaintiff's husband answered "no" on both applications. In due course, defendant issued the two policies. Contained conspicuously within each of the two policies were the premium rates which plaintiff's husband agreed to, and which plaintiff continued to pay after her husband's death.

Plaintiff does not identify any specific term of the policy defendant breached. Rather, plaintiff contends that, due to the application answers, the children were entitled to a premium rate based upon the mortality rate for juvenile non-smokers only. Instead, defendant calculated a premium rate based upon an aggregate of mortality rates for juvenile non-smokers and smokers. This, plaintiff argues, constitutes a breach of contract based on the "reasonable expectations" of her husband. Restated, plaintiff contends that because her husband answered "no" on the application when asked whether the two minors were smokers or used tobacco products, her husband had a "reasonable expectation" that the premium rate would reflect the mortality rate of juvenile non-smokers only and would, presumably, be less than the premium rate for juvenile smokers or the aggregate of the two groups.

There is no evidence of record to dispute that defendant calculates the premium rate on policies insuring juveniles based solely on their age and sex. Nor is it disputed that defendant's business practice is that its insureds are not eligible for a non-smoking premium rate discount until they are twenty (20) years old. For those insureds under the age of twenty, the premium is based upon mortality rates which aggregate juvenile smokers with non-smokers. Nor does plaintiff dispute that insurance companies in Pennsylvania are permitted to use aggregate mortality rates in setting a premium rate.

## II. STANDARD OF REVIEW

A class may be certified under Fed.R.Civ.P. 23(a) if plaintiff can establish the following four requirements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed.R.Civ.P. 23(a). Plaintiff bears the burden of establishing that all requirements of Rule 23(a) are met and must, in addition, establish that the class satisfies at least one of the categories set forth in Rule 23(b). In re Community Bank of Northern Virginia, 418 F.3d 277, 302 (3d Cir. 2005). The court of appeals has held that, "[d]epending on the circumstances, class certification questions are sometimes enmeshed in the factual and legal issues comprising the plaintiff's cause of action and courts may delve beyond the

pleadings to determine whether the requirements for class certification are satisfied." Beck v. Maximus Inc., 457 F.3d 291, 297 (3d Cir. 2006)(citations and internal quotations omitted).

Fed.R.Civ.P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e. the material facts, however, will preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. Id. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the non-moving party. Id. at 248-49.

This court's jurisdiction is based on the diversity of citizenship of the parties. 28 U.S.C. § 1332. Accordingly, we apply Pennsylvania choice of law rules. St. Paul Fire & Marine Ins. Co. v. Lewis, 935 F.2d 1428, 1431 n. 3 (3d Cir. 1991)(citation omitted). In Pennsylvania, an insurance contract is governed by the law of the state in which the contract was made. Crawford v. Manhattan Life Ins. Co. of New York, 208 Pa.Super. 150 (1966). Because the insurance contracts were made in Pennsylvania, the court will analyze plaintiff's claims under Pennsylvania law.

III. DISCUSSION

A. Reasonable Expectation Doctrine

There is no question that the application, which is the standard application for both juveniles and adults, contained a question regarding tobacco usage. Plaintiff argues that the application becomes part of the insurance contract. Plaintiff contends, therefore, that her husband's answer to the application question regarding tobacco usage became a material term of the contract which required defendant to charge a premium rate which reflected the mortality rate of non-smokers only. Plaintiff contends defendant breached the insurance contract by charging a premium rate based on an aggregate mortality rate of both smokers and non-smokers. Plaintiff further argues that defendant was

required, at minimum, to disclose to the purchaser that the quoted rate was based on an aggregate mortality rate. Defendant's failure to do so, plaintiff contends, constituted breach of contract.

Defendant argues that the information supplied by the applicant is merely a representation made by the buyer not a warranty and, thus, does not become a material term of the contract.  Defendant further argues that even if the question about tobacco use becomes a part of the contract, it cannot be legally compelled to quote a lower premium rate because it does not sell policies insuring the life of juveniles reflecting a discount for not using tobacco.  Finally, defendant argues that plaintiff has adduced no evidence of what her husband's expectations were when he purchased the policy.  Thus, defendant contends, plaintiff cannot win on a reasonable expectation theory.  The court agrees with defendant.

The principles that govern the court's interpretation of an insurance contract under Pennsylvania law are well settled.  "The goal is to ascertain the intent of the parties as manifested by the language of the written instrument."  Lazovick v. Sun Life Ins. Co. of America, 586 F. Supp. 918, 922 (E.D. Pa. 1984). Where the provisions of a policy are ambiguous, the court is to interpret the policy in favor of the insured and against the insurer.  See Pacific Indem. Co. v. Linn, 766 F.2d 754, 761 (3d

Cir. 1985). Where the language of a policy is clear and unambiguous, however, the court cannot, under the guise of contract construction, alter the terms of the policy. Matcon Diamond Inc. v. Pennsylvania Nat'l Ins. Co., 815 A.2d 1109, 1114 (Pa. Super. 2003).

Plaintiff's argument is based on an exception to the general principles of insurance contract construction. The Pennsylvania doctrine of reasonable expectations states that

> The reasonable expectations of the insured is the focal point of the insurance transaction . . . regardless of the ambiguity, or lack thereof, inherent in a given set of documents. It is intended to protect against the inherent danger, created by the nature of the insurance industry, that an insurer will agree to certain coverage when receiving the insured's application, and then unilaterally change those terms when it later issues a policy.

UPMC Health System v. Metropolitan Life Insurance Company, 391 F.3d 497 (3d Cir. 2004).

The parties are familiar with this issue. The briefs were thorough and extremely well done. Accordingly, we need not dwell on this at length. We need only state that plaintiff has failed to place on the record any evidence that either she or her husband had the expectation advanced by plaintiff in this suit. It is undisputed that she was not present when the policies were discussed with the agent. She was not present when the applications were filled out. She took no part in any of the discussions regarding the applications. She did not have the

8

expectation she now advances; and, she has no idea what her husband's expectations were with respect to this issue. Plaintiff's deposition at 58:19-24.  Because plaintiff cannot establish that either she or her husband had an expectation, reasonable or otherwise, that the premium rate would be based on a non-smoking juvenile mortality rate only, as opposed to an aggregate smoking/non-smoking rate, plaintiff cannot establish a critical element of the reasonable expectation theory.

Plaintiff's argument that her husband's actual or subjective expectations are irrelevant is without merit. Plaintiff is correct that whether an expectation is reasonable or not is evaluated under an objective test; however, it is implicit in the concept of a reasonable expectation that, in the first instance, <u>plaintiff must establish that her husband had an actual expectation</u> that the premiums would be based on a juvenile non-smoker rate.[2]  Again, whether that expectation was reasonable or

---

[2] This point is underscored even by the authorities advanced by plaintiff.  Plaintiff cited <u>Huffman v. Aetna Life and Casualty Co.</u>, 486 A.2d 1330 (Pa. Super. 1984) for the proposition that only reasonable expectations not actual expectations are relevant.  Plaintiff represented to the court that "significantly the Superior Court did not instruct the trial court to determine or seek evidence as to the deceased's actual subjective expectations."  Plaintiff's Supplemental Brief [Doc. No. 75] at pages 3-4.  This statement is simply wrong.  On the contrary, the court stated:

> The issue in this case . . . is whether Mr. Huffman, at the time of contract formation, could have reasonably <u>and actually believed</u>...that the policy's coverage

(continued...)

9

not is another question, which under the facts of this case we need not reach.

Nor are we persuaded by plaintiff's argument that her husband's actual subjective expectations of what the rate was based on are irrelevant, so long as, a reasonable person in his place would expect that the rate would reflect a lower juvenile non-smoker rate. If plaintiff was correct, the result would be anomalous. Specifically, plaintiff's argument would lead to the incongruous result that the court could, in the name of reasonableness, alter the terms of an unambiguous policy of insurance in a manner which neither the purchaser nor the insurer actually expected or intended. Such a result runs counter to the accepted goal of contract interpretation; namely, to give effect to the parties' intentions as manifested by the plain language of the contract.

We also find significant that in the application for Samuel the following series of questions are marked "no" on the application:

> 15. Have you used tobacco in any form in the last 12 months?

---

[2](...continued)
would extend to the Washington Hospitals Extended Care Facility (emphasis mine). Huffman, 486 A.2d at 1334.

16. Have you, in the last 3 years:

a. flown as a pilot, crew member, or student pilot in aircraft such as an airplane, helicopter, glider, or ultralight?  Or is any such activity planned in the next 6 months?

b. engaged in avocations such as mountain or rock climbing, auto, motorcycle, or powerboat racing, scuba or sky diving, hang gliding, or ballooning?  Or is any such activity planned in the next 6 months?

c. Had your driver's license suspended or revoked, had any moving violations, had 2 or more accidents, or been charged with driving under the influence of alcohol or drugs?

As defendant points out, plaintiff's theory of recovery could just as easily have been that her husband had a reasonable expectation that the premium charged would be a "non-pilot rate" or a "non-mountain climbing rate" or a "non-automobile, motorcycle, or non-powerboat racing rate," or a "non-scuba diving rate," or any combination thereof.  Substantively, plaintiff's claim would be exactly the same.  Yet, we have no evidence of record that plaintiff's husband thought he was getting a non-pilot rate anymore than we have evidence of record that he thought that he was to be charged a non-smoking rate.  Because plaintiff has not and cannot place on the record any evidence by which a jury acting reasonably could conclude what her husband's actual expectation was, whether reasonable or not, she cannot prevail on this theory.

B. <u>The Complete Policy Doctrine</u>

As an alternative, plaintiff contends that her breach of contract cause of action survives summary judgment by application of what she calls the "complete policy doctrine." As best we understand, plaintiff's theory is that under Pennsylvania law the application and the representations made therein by a buyer of insurance become a part of the total insurance contract. This may be true; however, it is a quantum leap in both law and logic to suggest that the representations made by the buyer in the application somehow compel the insurance company to convert the policy that was actually purchased, into another type of policy, i.e. a juvenile policy into a non-smoking juvenile policy; a juvenile policy into a non-pilot juvenile policy. Plaintiff has failed to direct the court to any state or federal authority - statute, regulation or case law that so holds.

Moreover, our review of Pennsylvania law in both the federal and the Pennsylvania courts has failed to discover a single instance in which a court has recognized the "complete policy doctrine" or for that matter even mentioned it, much less applied it in the manner advanced by plaintiff here. Simply put, there is no legally recognized basis for plaintiff to recover on this theory.

### C. Construction Favoring the Insured Rule

Finally, plaintiff argues that the policies are "ambiguous." Plaintiff does not identify which terms in the policy are unclear or susceptible to differing interpretations. Rather, she contends that a negative response to the question about tobacco usage in the application, coupled with a quoted premium rate based on an aggregate of the mortality rates of smokers and non-smokers, renders the policy "ambiguous." Plaintiff contends that this ambiguity must be construed in favor of the insureds, presumably resulting in a finding that the premium charged should have been lower.

This theory of recovery is nothing more than plaintiff's "reasonable expectation doctrine" restyled as what she has labeled as the "Construction Favoring the Insured Rule." Pennsylvania courts, however, have held that a court cannot "invoke the reasonable expectation doctrine to create an ambiguity where the policy itself is unambiguous." Watcon Diamond, Inc. V. Penn Nat. Ins. Co., 815 A.2d 1109, 1114 (Pa. Super., 2003). Only two limited exceptions to this principle have been recognized: (1) protecting non-commercial insureds from policy terms which are not readily apparent; and (2) protecting non-commercial insureds from deception by insurance agents. Madison Const. Co. v. Harleysville Mut. Ins. Co., 557 Pa. 595, 735 A.2d 100, 109 n. 8, citing, Tonkovic v. State Farm

Mut. Ins. Co., 513 Pa. 445 (1987); and <u>Collister v. Nationwide Life Ins. Co.</u>, 479 Pa. 579 (1978). Neither of these exceptions are present here.

### D. Class Certification

A class may be certified under Fed.R.Civ.P. 23(a) if plaintiff can establish the following four requirements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed.R.Civ.P. 23(a).

The court of appeals directs that, when evaluating typicality, this court must "ask whether the named plaintiffs' claims are typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." <u>Beck</u>, 457 F.3d at 295-96 (citation and internal quotation omitted).

Relatedly, the adequacy inquiry "serves to uncover conflicts of interest between named parties and the class they seek to represent." <u>Id</u>. The court of appeals held that because the typicality and adequacy inquiries tend to merge, "certain questions-like whether a unique defense should defeat class certification-are relevant under both." <u>Id</u>. at 296. The court of appeals concluded that "[a] proposed class representative is neither typical nor adequate if the representative is subject to

14

a unique defense that is likely to become a major focus of the litigation." Id. at 301.

Here, plaintiff was not in anyway involved with the purchase of the insurance contracts in question. As a result, she is subject to a unique defense, namely, that the actual purchaser has since died and she cannot provide evidence of her husband's expectations regarding whether the premiums charged would be based on a juvenile non-smoker rate. This defense has occasioned a motion for summary judgment and, therefore, has clearly become a major focus of this litigation. Thus, plaintiff's claims are not typical of the proposed class, and she is not an adequate representative. Beck, 457 F.3d at 296-97.

Accordingly, because plaintiff cannot satisfy the requirements of Rule 23, class certification must be denied.

IV.   CONCLUSION

We have carefully considered all of plaintiff's arguments with respect to her breach of contract claim including those not specifically addressed here and find them to be without merit. Because plaintiff has no viable breach of contract claim her claim is not typical of the class and she is not an adequate representative as required by Fed.R.Civ.P. 23(a). Beck, 457 F.3d at 296-97. Accordingly, plaintiff's motion for class

certification will be denied defendant's motion for summary judgment of Count I will be granted.[3]

The appropriate order follows.

---

[3] Defendant's motion for summary judgment of Counts III and IV will be denied without prejudice to defendant's right to move for summary judgment of these claims on a fully developed record.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY L. ALLEMAN,<br>individually and on behalf<br>of all others similarly<br>situated,<br>      Plaintiff,<br><br>      v.<br><br>STATE FARM LIFE INSURANCE<br>COMPANY,<br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 06-524<br>)<br>)<br>)<br>) |

O R D E R

Therefore, this /0th day of September, 2007, IT IS HEREBY ORDERED that plaintiff's motion for class certification [document #53] is DENIED. IT IS FURTHER ORDERED that defendant's motion for summary judgment [document 48] of Count I is GRANTED. IT IS FURTHER ORDERED that defendant's motion for summary judgment of Counts III and IV is DENIED without prejudice.

BY THE COURT:

_/s/ Lancaster, J._

cc:   All Counsel of Record